JERRY KAPLAN, CA Bar 49142
JOSEPH BENINCASA, CA Bar 251347
KAPLAN, KENEGOS & KADIN
9150 Wilshire Boulevard, Suite 175
Beverly Hills, CA 90212
Telephone: (310)859-7700
Facsimile: (310)859-7773
Email: jobenincasa@gmail.com
Attorneys for MOVANT
ELLA ASUNCION GUTIERREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA ASUNCION GUTIERREZ<br><br>Movant,<br><br>vs.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Respondent. | Case No.:<br><br>**MOTION FOR ORDER QUASHING SUBPOENA PURSUANT TO FINANCIAL PRIVACY ACT OF 1978;**<br><br>**DECLARATION OF ELLA ASUNCION GUTIERREZ** |

Movant ELLA ASUNCION GUTIERREZ, through undersigned counsel, hereby moves this Court for an order, pursuant to section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. §3410, for an order preventing the government from obtaining access to her financial records. The agency seeking access is the United States Securities and Exchange Commission (Customer Notice and Subpoena attached).

The financial records requested are the records of my personal bank account, in my name, with Navy Federal Credit Union, located at 820 Follin Lane; Vienna, VA 22180.

///

1

# DECLARATION OF ELLA ASUNCION GUTIERREZ

1. I, Ella Asuncion Gutierrez, am a customer of Navy Federal Credit Union, 820 Follin Lane; Vienna, VA 22180. I am the customer whose records are being requested by the United States Securities and Exchange Commission.

2. The financial records sought by the United States Securities and Exchange Commission are not relevant to this legitimate law enforcement inquiry stated in the Customer Notice that was sent to me (attached). The records are my personal and private financial records and are not related to CAI Investments, LLC, the company that the Securities and Exchange Commission is investigating. CAI Investments, LLC, does not and has never had access to this account, any interest in this account, or have signatory authority over this account.

3. Based on the foregoing, my personal financial records will have no bearing on this investigation and are wholly irrelevant to the government's investigation.

I declare, under penalty under the laws of the United States of America that the forgoing is true and correct. Dated this ___ of March, 2022.

_____
Ella Asuncion Gutierrez

Based on the foregoing, Movant respectfully requests this Court quash the attached subpoena and order the records requested by the government to not be produced.

Dated: March 22, 2022                        Respectfully submitted,

_____
JERRY KAPLAN
Attorneys for Movant
ELLA ASUNCION GUTIERREZ



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
444 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CA 90071**

LOS ANGELES
REGIONAL OFFICE

## CUSTOMER NOTICE

VIA CERTIFIED MAIL

March 11, 2022

Ella Asuncion Gutierrez

### Re: In the Matter of CAI Investments, LLC, LA-05177

Dear Ms. Gutierrez:

    Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the United States Securities and Exchange Commission (the "Commission") in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-22. On August 17, 2020, the Commission entered a formal order of investigation, "In the matter of CAI Investments, LLC." The attached subpoena was issued pursuant to the formal order of investigation, and the information sought is to assist the Commission in determining the issues set forth in the formal order of investigation. That order states that the Commission deems certain acts and practices to be in possible violation of: Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933, and Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. You may arrange to review a copy of the formal order, if you have not already done so, by contacting me.

    The authority for this investigation is: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934. If you desire a copy of the authority for this investigation, please contact me.

    If you desire that such records or information not be made available to the Commission in response to the subpoena, you must:

(1)     Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Commission, and giving either the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2) File the motion and sworn statement (together with the applicable filing fee) by mailing or delivering them to the Clerk of any one of the following United States District Courts:

    a. Central District of California

    b. The District Court with jurisdiction over the financial institution.

    c. The District Court with jurisdiction over your place of residence.

    d. Any other District Court that is appropriate under 28 U.S.C. 1391(e).

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice.)

(3) Serve the Commission by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:

> Spencer E. Bendell
> Assistant Regional Director
> Los Angeles Regional Office
> Securities and Exchange Commission
> 444 South Flower Street, Suite 900
> Los Angeles, CA 90071

and

> Melinda Hardy, Esq.
> Associate General Counsel
> Securities and Exchange Commission
> 100 F St., N.E.
> Washington, D. C. 20549

(4) Be prepared to come to court and present your position in further detail.

(5) You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

As you may know, in light of the COVID-19 situation, the SEC staff is operating in a full telework posture with limited exceptions. As a result, we may not be able to access our mail on a regular basis. To ensure we receive notice of your challenge, in addition to mailing or delivering any challenge you file in court to the SEC, you should send a copy of any RFPA challenge you file in court to the following e-mail address: RFPA@sec.gov.

If you do not follow the above procedures, upon the expiration of the earlier of ten days from the date of service or fourteen days from the mailing of this notice, the records or

information requested therein will be made available to the Commission. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event (except as provided by law), you will be notified after the transfer.

Providing this notice to you shall not be construed as a waiver by the Commission of any right it may have to assert that the provisions of the Right to Financial Privacy Act of 1978 do not require such a notice.

Very truly yours,

Spencer E. Bendell
Assistant Regional Director
Division of Enforcement

Enclosures:

    Subpoena
    Instructions
    Motion Form
    Certificate of Service
    Sworn Statement Form



## SUBPOENA

# UNITED STATES OF AMERICA
# SECURITIES AND EXCHANGE COMMISSION

**In the Matter of CAI Investments, LLC, LA-05177**

**To:** Navy Federal Credit Union
Attn: Subpoena Department
820 Follin Lane
Vienna, VA 22180

☒ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 14420 Albemarle Point Place, Suite 102 Chantilly, VA 20151-1750, no later than March 30, 2022 at 5:00 p.m.

☐ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: _/s/ E. Bendell_         Date: March 11, 2022
Spencer E. Bendell, Assistant Regional Director
U.S. Securities and Exchange Commission
Los Angeles Regional Office
444 South Flower Street, Suite 900
Los Angeles, CA 90071

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## SUBPOENA ATTACHMENT FOR NAVY FEDERAL CREDIT UNION
### In the Matter of CAI Investments, LLC, LA-05177

March 11, 2022

### Definitions

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. "Navy Federal Credit Union" or "Navy FCU" means the entity doing business under the name "Navy Federal Credit Union," including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

3. "Communication" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

4. "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing, or reflecting.

5. The term "you" and "your" means the Person to whom or entity to which this subpoena was issued.

6. To the extent necessary to bring within the scope of this this subpoena any information or Documents that might otherwise be construed to be outside its scope:

    a.   the word "or" means "and/or";
    b.   the word "and" means "and/or";
    c.   the functional words "each," "every," "any," and "all" shall each be deemed to include each of the other functional words;
    d.   the masculine gender includes the female gender and the female gender includes the masculine gender; and
    e.   the singular includes the plural and the plural includes the singular.

7. "Relevant Period" means the time period beginning January 1, 2018, and continuing to the present, unless otherwise specified.

## Instructions

1. Unless otherwise specified, this subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All responsive electronic Documents, including all metadata, should also be produced in their native software format.

2. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you <u>must</u> secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e., delineated with staples or paper clips to identify the Document boundaries.

2

6. Documents should be labeled with sequential numbering (bates-stamped).

7. You must produce all Documents created during, or Concerning, the period from January 1, 2018 to the date of this subpoena, unless otherwise specified.

8. The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

9. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff in connection with this matter. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

10. For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

11. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

    a. its author(s);
    b. its date;
    c. its subject matter;
    d. the name of the Person who has the item now, or the last Person known to have it;
    e. the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
    f. the basis upon which you are not producing the responsive Document;
    g. the specific request in the subpoena to which the Document relates;
    h. the attorney(s) and the client(s) involved; and
    i. in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

12. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded, or destroyed.

## Documents to Be Produced

Produce all Documents identified below (electronically, pursuant to the Commission's Data Delivery Standards) for the Relevant Period concerning any account in the name of:

**Account Name:** Elia Asuncion Gutierrez

3

**Account Address:**

**Tax ID:**



1. Electronic file of all account transaction data in either **MS Excel spreadsheet file format or in a Delimited Text file format with a preferred delimiter of a vertical bar "|"**.

2. Electronic image of all account opening and authority information, including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained;

3. Electronic image of all monthly account statements;

4. Electronic image of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations);

5. All Documents and Communications (including emails) between bank personnel and the account holder(s) or signatories concerning the accounts above; and

6. All Documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

Provided, however, that there shall not be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by Navy FCU in relation to an account in the name of a "customer" other than Ella Asuncion Gutierrez. The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of Navy FCU, or for whom Navy FCU is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

## INSTRUCTIONS FOR COMPLETING AND FILING THE
## ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the enclosed motion and sworn statement forms. The information required for each space is described in parentheses after each space to be completed.

2. The most important part of your challenge application is the space on the "sworn statement" form, where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the enclosed notice. You may also challenge the Commission's access to the financial records if you believe there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and one copy of your challenge papers together with cash, certified check, or money order for the applicable fee to the Clerk of the appropriate U.S. District Court. (Courts may charge varying filing fees; you should contact the Clerk of the Court to determine the exact amount.)

4. One copy of your challenge papers (motion and sworn statement) must be delivered or mailed (by registered or certified mail) to the Commission officials whose names appear on the Customer Notice. These papers must be received by those officials on or before the earlier of 14 days after the date of mailing of the subpoena or 10 days after delivery for your rights under the Right to Financial Privacy Act to be preserved.

5. If you have further questions, contact the Commission officials whose names and telephone numbers appear on the Customer Notice.

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____ (Your Name),
　　　Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
　　　Respondent

MOTION FOR ORDER
PURSUANT TO CUSTOMER CHALLENGE PROVISIONS
OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

I, _____, (your name) move this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the United States Securities and Exchange Commission.

　　　My financial records are held by_____

_____
(name and address of financial institution).

　　　I have attached my sworn statement in support of this motion.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　(Your Signature, Name, Address,
　　　　　　　　　　　　　　　　　　　　　　and Telephone Number)

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to _____
_____ (names of officials listed at Item 3 of Customer Notice) on _____ (date).

_____
(Signature)

IN THE UNITED STATES DISTRICT COURT

FOR THE \_\_\_\_ DISTRICT OF \_\_\_\_

| |
|---|
| _____ (Your Name),<br>      Movant<br><br>v.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION,<br>      Respondent |

    I, _____(your name), (am now/was previously) a customer of _____(name and address of financial institution) and I am the customer whose records are being requested by the United States Securities and Exchange Commission.

    The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because


or should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that


or should not be disclosed on the following other legal basis:


    I declare under penalty of perjury that this statement foregoing is true and correct.

                                                    _____
                                                            (signature)

Dated: _____

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 9150 Wilshire Blvd., Suite 175, Beverly Hills, California 90212.

On March 22, 2022, I caused to serve the foregoing documents described as MOTION FOR ORDER QUASHING SUBPOENA PURSUANT TO FINANCIAL PRIVACY ACT OF 1978; DECLARATION OF ELLA ASUNCION GUTIERREZ on the parties in this action by placing a copy thereof in sealed envelope addressed as follows:

Spencer E. Bendell
Assistant Regional Director
Los Angeles Regional Office
Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071

Melinda Hardy
Associate General Counsel
Securities and Exchange Commission
100 F St., N.E.
Washington, D.C. 20549

[ ] BY PERSONAL SERVICE. I caused to be delivered such envelope by hand to the offices of the addressee.

[ ] BY FACSIMILE

[X] BY MAIL

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on March 22, 2022, at Beverly Hills, California.

Maria Sandoval